# In the United States Court of Federal Claims

No. 18-1964
Filed: July 11, 2025

**ROBERT A. PRESSLY, et al.,**

    *Plaintiffs*,

v.

**THE UNITED STATES,**

    *Defendant.*

### ORDER

    On May 12, 2025, the Court granted Plaintiffs' Motion for Attorney's Fees and Costs in part. (Op. Granting Fees in Part, ECF No. 212). In that Opinion, the Court disallowed certain fees and expenses outright, reduced others, and instructed Plaintiffs to revise their submissions accordingly within thirty days. (*Id.* at 27). Plaintiffs have fulfilled their obligation. (Pls.' Revised Fee Req., ECF No. 213). Pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act ("URA"), Group 1 Plaintiffs are awarded $1,347,160.77 for reasonable attorneys' fees and expenses actually incurred in this litigation.

    In its prior Opinion, the Court concluded that Plaintiffs were entitled to the majority of their requested reimbursements but directed them to: (1) omit time and expenses billed prior to when the subject Notices of Interim Trail Use were issued; (2) omit and amend time and expenses indicated in an attached Appendix; (3) exclude 7.5 hours of attorney preparation time associated with a deposition that was required to be reconducted; (4) amend requested expert expenses to $174,919.95 for Dave Matthews Associates; and (5) submit substantiating evidence as to expert expenses for Integra Realty Resources ("IRR"). (Op. Granting Fees in Part at 26–27). Plaintiffs' revised request is for $1,347,160.77—a total comprised of $934,965.87 in fees and $412,194.90 in expenses. (Pls.' Revised Fee Req. at 2). Plaintiffs calculated these figures by implementing the reductions mandated by the Court, as detailed in attached spreadsheets, and amending the reimbursement request for Dave Matthews Associates. (*Id.* Exs. 3 (Group 1 Time Only), 4 (Groups 1, 2, 3 Time in Common), 5 (Group 1 and 3 Time in Common), 6 (Expenses)). The United States voices no objection to these recalculations.[1] (*See* Def.'s Objs., ECF No. 214).

---

[1] Plaintiffs' Revised Request indicates that the United States conveyed that it "confirm[ed] that Plaintiffs have calculated the deductions in line with the Court's May 12 Order." (Pls.' Revised Fee Req. at 4). The United States' response lacks comparable clarity in articulating this position and remains silent on the issue. The Court recognizes that the parties' revised fee request and related objections do not constitute a waiver of their appellate rights concerning the Court's prior analysis, (Op. Granting Fees in Part, ECF No. 212).

As for IRR expenses, Plaintiffs submit sworn Declarations from Plaintiffs' expert appraiser, Michael C. Lady ("Mr. Lady") of IRR, (*id.* Ex. 1), and from Plaintiffs' counsel, (*id.* Ex. 2), substantiating IRR's expenses. It is the reimbursement for IRR's expenses that the United States takes issue with. (Def.'s Objs. at 1–4).

For their initial request, Plaintiffs submitted invoices from IRR. (Op. Granting Fees in Part at 24 (citing Pls.' Mot. at 14, ECF No. 199)). The United States objected to the Court's consideration of these invoices because they did not indicate whether they were specific to *this* litigation. (*Id.* (citing Def.'s Resp. at 33, ECF No. 204)). Plaintiffs' Reply Brief acknowledged a miscalculation on their part and included copies of checks to substantiate payments made to IRR. (*Id.* at 25 (citing Pls.' Reply at 19 (supported by Ex. V), ECF No. 209)). This did not quell the United States' concern that several cases were pending along the same rail line; how was the Court to know that these payments were made on behalf of this particular litigation? (*Id.* (citing Def.'s Supp. Br. at 3, ECF No. 211)). The Court ultimately required additional documentation to support Plaintiffs' claimed expert expenses. (*Id.* at 25, 27).

Now, with supporting documentation, the landscape is clear. According to the affidavit of Mr. Lady, "[t]he only case in which [IRR] has provided expert appraisal services to the law firm of Stewart, Wald, and Smith, LLC . . . ("SWS") relating to the Nickel Plate trail (in Indianapolis, Fishers, and Noblesville)" was *Pressly v. United States*. (Pls.' Revised Fee Req. Ex. 1 at ¶ 2). Mr. Lady goes on to state that IRR did not provide "expert appraisal services to SWS in any of the following cases: *Best Access Solutions v. United States*, 1:22-cv-01598 (Fed. Cl. 2022); *Great Commission Church v. United States*, 1:22-cv-01597 (Fed. Cl. 2022); *Harvey v. United States*, 1:23-cv-01515 (Fed. Cl. 2023); and *Moore v. United States*, 1:24-cv-00564 (Fed. Cl. 2024)." (*Id.* at ¶ 3). Mr. Lady also avows that the payments reflected in the checks attached to Plaintiffs' Reply, (Pls.' Reply Ex. V), "were paid to [IRR] by SWS for expert appraisal services in *Pressly v. United States*[,]" (Pls.' Revised Fee Req. Ex. 1 at ¶ 8). Mr. Lady summarizes those payments in the following table:

| SWS Check Number | Date | Amount |
|---|---|---|
| 2688 | 6/17/2020 | $ 6,500.00 |
| 2784 | 3/16/2021 | $ 78,218.03 |
| 2798 | 4/27/2021 | $ 67,190.16 |
| 2934 | 9/29/2021 | $ 525.00 |
| 3654 | 12/19/2023 | $ 1,312.50 |
| 3678 | 2/22/2024 | $ 12,937.50 |
| 3692 | 4/9/2024 | $ 22,545.81 |
| 3700 | 4/30/2024 | $ 19,950.00 |
| 3707 | 5/16/2024 | $ 1,350.00 |
| **TOTAL** | | **$210,529.00** |

(*Id.*). Mr. Wald's declaration confirms these assurances. (*See generally id.* Ex. 2).

The United States objects to what it characterizes as "belated declarations" supporting the $210,529.00 in expenses from IRR. (Def.'s Objs. at 2). Significantly, the United States does not dispute the truthfulness of the supporting evidence, nor the extent to which it substantiates Plaintiffs' claims; rather, the United States argues that "[b]ecause Plaintiffs failed to carry their burden in their initial motion, the Court should decline to reimburse Plaintiffs their claimed IRR expenses based on belated supplemental evidence." (*Id.* at 4). In other words, the United States takes a "one strike and you're out" approach. However, while the United States' frustration is understandable, its underlying objection concerns the course of action the Court has already signaled an inclination to pursue.[2]

As stated in the Court's Opinion, "the Court is afforded considerable discretion in its calculations.[] *And it is clear that $210,529 was remitted to IRR for its expert services.*[] Based on this, Plaintiffs shall . . . submit contemporaneous records or relevant declarations supporting their position as to IRR's expenses." (Op. Granting Fees in Part at 25 (citing *Bywaters v. United States*, 670 F.3d 1221, 1228 (Fed. Cir. 2012); Pls.' Reply Brief Ex. U) (emphasis added)). The Court concurs that plaintiffs bear the burden of properly substantiating fee requests. Nonetheless, where expenditures in defense of constitutional rights are evident, principles of fairness warrant some measure of accommodation. The Court finds that Plaintiffs' substantiating evidence is sufficient.

Pursuant to the URA, Group 1 Plaintiffs are awarded $934,965.87 in fees, and $412,194.90 in expenses, coming to a total of **$1,347,160.77**. There being no just cause for delay, the Clerk's Office is **DIRECTED** to enter partial judgment pursuant to RCFC 54(b). As it relates to claims stayed pending *Pressly v. United States*, CAFC No. 24-1823, the Court's prior Order requiring a Joint Status Report upon the progression of that case remains in effect.

**IT IS SO ORDERED.**

s/   David A. Tapp
DAVID A. TAPP, Judge

---

[2] The Court expressly instructed the parties to refrain from reiterating their prior arguments, stating "[t]his provision of the Court's Opinion should not be construed as allowing a second bite at the apple or an opportunity for the United States or Plaintiffs to raise the same objections and arguments ruled upon herein." (Op. Granting Fees in Part at 27). The Court further directed the United States to limit its argument to "(1) [Plaintiffs'] non-compliance with this Opinion or the attached Appendix, and/or (2) objections to the substantiating documentation related to IRR's expenses." (*Id.*). Accordingly, objections were confined to the adequacy or credibility of the supporting documentation, rather than to Plaintiffs' entitlement to rely on it at this stage. Even so, as it relates to its current objections, the United States notes that it "discussed this issue at length in its Response Brief[.]" (Def.'s Obj. at 2 n.3). In addition to its initial Response, the United States' supplemental briefing also observed that "the Court should consider using its discretion to disincentivize similar future behavior[,]" in reference to Plaintiffs' reliance on inadequate documentation. (Def.'s Supp. Br. at 4). Although this frustration is rational, it nonetheless contravenes the Court's Order and presents grounds for appeal rather than a legitimate objection to Plaintiffs' revised fee request.